EL PUEBLO *v.* MARTÍNEZ.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 413.—Resuelto en febrero 14, 1912.

DERECHO PENAL—ACOMETIMIENTO Y AGRESIÓN SIMPLES—PENA EXCESIVA—MODIFICACIÓN DE LA SENTENCIA APELADA.—Es excesiva la pena de $300 de multa o en defecto de pago de la misma, un día de cárcel por cada $2 de multa que dejare de satisfacer, impuesta a un acusado del delito de simple acometimiento y agresión, pues tal castigo es contrario a los preceptos del artículo 5 de la ley de marzo 10, 1904, sobre acometimiento y agresión, y en el caso de autos se modificó la sentencia apelada rebajando la pena a $50 de multa y las costas, que fué la impuesta por el tribunal municipal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Jacinto Texidor.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

En el presente caso, al acusado, que es el apelante ante este tribunal, se le siguió una causa por el delito de acometimiento y agresión en la corte municipal de Carolina. La denuncia presentada el día 26 de junio último es como sigue:

"Estados Unidos de América. El Presidente de los Estados Uni-

dos. ss. *El Pueblo de Puerto Rico* v. *Ventura Martínez.* Yo, José
F. Colón, P. I., vecino de Río Piedras, calle de Oriente No. 22, de
veinte y seis años, formulo denuncia contra el arriba acusado por el
delito de acometimiento y agresión cometido de la manera siguiente:
Que en junio 25, 1911, a las 12.30 a. m. en la calle del Comercio de
Río Piedras, del distrito judicial del juzgado municipal de San Juan,
el acusado, maliciosa y voluntariamente acometió y agredió con un
palo a Acisclo Marcano, causándole dos heridas en la cabeza, de las
cuales fué asistido en el hospital municipal. Todo cuanto pongo ante
vuestro honor a los fines de la justicia, por ser este hecho contrario a
la ley para tal caso prevista. Siendo testigos: Arturo Lafontaine,
P. I., y Acisclo Marcano. José F. Colón, P. I., No. 193, denunciante.
Jurado ante mí hoy día 26 de junio de 1911. José E. Montesinos,
Juez de Paz de Río Piedras.''

Celebrado el juicio ante la corte municipal de Carolina, el
acusado fué declarado culpable y condenado a pagar una mul-
ta de cincuenta dollars ($50), y las costas, contra cuya sen-
tencia interpuso apelación para ante la Corte de Distrito de
San Juan. En dicha corte de distrito se celebró un juicio el
día 28 de diciembre último, y el acusado fué declarado culpa-
ble y condenado a pagar una multa de trescientos dollars
($300), o a sufrir un día de cárcel por cada dos dollars de la
multa que dejara de satisfacer y al pago de las costas. Con-
tra esta sentencia de la corte de distrito el acusado apeló
para ante este tribunal, donde han sido remitidos los autos
que contienen además de la denuncia, fallo y sentencia, una
exposición de hechos en la que aparecen todas las declaracio-
nes de los testigos durante el juicio. El acusado estuvo re-
presentado en esta corte por medio de abogado, y El Pueblo
por el Fiscal, habiendo ambas partes presentado alegatos.

El apelante no niega, así como tampoco lo hizo en su de-
claración ante la corte sentenciadora que consta de los autos,
que él hubiera agredido con su palo a Acisclo Marcano, pero
alega que fué provocado por esa persona con palabras insul-
tantes. El Fiscal admite en su alegato que la denuncia, según
aparece de los autos, es por el delito de simple acometimiento
y agresión, y que el acusado fué declarado culpable de ese de-
lito por la corte sentenciadora.

De una referencia al estatuto se verá que el artículo 5 de la ley aprobada en 10 de marzo de 1904, determina que el castigo por el delito de acometimiento y agresión sin circunstancias agravantes, será el de una multa no menor de un dollar y no mayor de cincuenta dollars. Por lo que puede verse claramente que el castigo de una multa de trescientos dollars o en defecto de pago de la misma, un día de cárcel por cada dos dollars de multa que dejara de satisfacer, impuesto por la corte sentenciadora, es excesivo y no está justificado por el estatuto. Es innecesario examinar la prueba, según consta de los autos, a no ser que sea para rebajar la multa a una cantidad menor de cincuenta dollars. De la prueba aparece que la persona agredida insultó fuertemente al acusado, y si las palabras pudieran justificar un acometimiento, las que se emplearon podrían alegarse como justificación. Pero sin investigar más la prueba, somos de opinión que la sentencia debe modificarse en el sentido de imponer el castigo fijado en primer término por la corte municipal, o sea, una multa de cincuenta dollars y las costas.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, del Toro y Aldrey.